■ CITY OF ROME, Respondent, v. STATE OF NEW YORK et al., Appellants.— Order unanimously modified in accordance with the Memorandum, and as modified affirmed, without costs of this appeal to either party. Memorandum: Plaintiff, City of Rome, seeks a declaratory judgment that the State is responsible for maintenance, repair, and reconstruction of a bridge on South James Street known as E-55 which spans the Barge Canal within the city limits of Rome, New York. The complaint alleges, and the State concedes, that the bridge was completed in 1914 as part of the Barge Canal improvement, and was first maintained from money appropriated for the canal, but was later maintained by highway funds because it joined part of a State highway. In 1949 the Legislature provided for the construction of an arterial highway in the City of Rome (Highway Law, § 349-e). At the same time the Legislature amended subdivision 31 of section 341 of the Highway Law, so as to authorize and direct the abandonment of a portion of State Highway 564, being the highway over said bridge, and its surrender to the County of Oneida for maintenance by the county by order of the Superintendent of Public Works. Subsequently, pursuant to such legislative authority, the Superintendent of Public Works did so order, by Order No. 467. The later transfer of the abandoned highway by the County of Oneida to the City of Rome is not questioned herein. Both parties agree that bridge E-55 was under the jurisdiction of the Division of Highways and being maintained by moneys appropriated for highway purposes when State Highway No. 564 was abandoned and surrendered to Oneida County by order of the Superintendent of Public Works, which made specific reference to the portion of State Highway 564 which crosses said bridge and which extends for some distance over approaches to the bridge on each side of the canal. Section 62 of the Canal Law contemplates that Barge Canal improvement bridges be treated as part of the State highway system where they join parts of a State highway for purposes of appropriation of money and control of maintenance, repair, and reconstruction, and it appears clear that the inclusion of bridge E-55 as part of the State highway system pursuant to section 62 of the Canal Law for purposes of maintenance, repair, and reconstruction requires that it be so considered when the Legislature deems that the State highway which it joins and of which it is an integral part is no longer needed by the State highway system and directs its abandonment and surrender to the county. The defendant having moved for an order dismissing plaintiff's complaint and it appearing that the allegations

of the complaint itself establish the basis for a declaration in defendant's favor, and there being no issues of material fact presented by the record, judgment should be entered in the defendant's favor declaring that Official Order No. 467 of the Department of Public Works of the State of New York, issued pursuant to the authority of subdivision 31 of section 341 of the Highway Law, was and is effective to constitute an abandonment of that portion of State Highway 564 designated Canal Bridge E-55 on South James Street in the City of Rome, New York, and that upon the filing of such order November 28, 1960 all rights and obligations of the State of New York to maintain such canal bridge were turned over and surrendered to the County of Oneida. (See *Lanza* v. *Wagner*, 11 N Y 2d 317, 334; *Town Board* v. *City of Poughkeepsie*, 22 A D 2d 270, 276 [2d Dept.].) (Appeal from order of Herkimer Special Term denying motion to dismiss complaint.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.